UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TINA P.,<br><br>                  Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                  Defendant. | CASE NO. C23-0180-GJL<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's denial of Plaintiff's applications for disability benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned Magistrate Judge.

Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is **REVERSED** and **REMANDED** for further administrative proceedings.

## I.    BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits (DIB) and an application for Supplemental Security Income (SSI) on December 23, 2019, with a date last insured of

ORDER
PAGE - 1

September 30, 2019. AR 23. In both applications, Plaintiff alleged disability beginning on July 15, 2015. AR 23. After the applications were denied at the initial level and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). The ALJ held a hearing on July 14, 2021, and took testimony from Plaintiff and a vocational expert (VE). AR 81–115. At the hearing, Plaintiff amended the alleged onset date to November 28, 2018.[1] AR 23, 87.

On August 13, 2021, the ALJ issued a partially favorable decision finding Plaintiff not disabled under Plaintiff's DIB application but disabled under Plaintiff SSI application beginning on July 14, 2021. AR 23–36. The Appeals Council granted Plaintiff's request for review of the ALJ's decision on October 4, 2022. AR 249–55; 20 C.F.R. §§ 404.981, 416.1481. On December 1, 2022, the Appeals Council issued a partially favorable decision adopting most of the ALJ's findings but finding Plaintiff disabled as of August 13, 2021, the established onset date. AR 1–14. Plaintiff appeals the denial of disability benefits to this Court.

## II.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of disability benefits if it is based on legal error or not supported by substantial evidence in the record. *See Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022).

## III.   THE ALJ'S FINDINGS

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At steps one through three, the Appeals Council adopted the ALJ's finding that Plaintiff has not engaged in substantial gainful activity, has had one or more severe impairments, and has not had an impairment or

---

[1] Plaintiff previously applied for disability benefits, which application was denied by an ALJ decision dated November 27, 2018. AR 119–32. Accordingly, Plaintiff amended the alleged onset date to the day after the 2018 ALJ decision. AR 87.

ORDER
PAGE - 2

combination of impairments that meet or equal the criteria of a listed impairment since the amended alleged onset date. AR 8–9, 26. The Appeals Council adopted the ALJ's finding that Plaintiff has the following severe impairments: cervical and lumbar spine disorders; mild AC degenerative joint disease; loss of vision in the right eye; obesity; bipolar disorder; post-traumatic stress disorder (PTSD); and unspecified panic disorder. AR 9, 26. The Appeals Council found Plaintiff has had the same severe impairments beginning on at least August 13, 2021, the established onset date. AR 9.[2]

At step four, the Appeals Council adopted the ALJ's finding that Plaintiff has the residual functional capacity (RFC) to perform light work involving standing and walking six hours of an eight-hour workday, and sitting six hours of an eight-hour workday, with the following limitations:

> the claimant can frequently climb ramps and stairs, and never ladders, ropes, or scaffolds. The claimant can occasionally stoop, kneel, crouch and crawl. She can frequently reach in front or laterally as well as overhead with the bilateral upper extremities. She has no vision in the right eye, so she cannot perform work that requires bilateral acuity and bilateral depth perception. She cannot tolerate even moderate exposure to hazards such as unprotected heights and moving machinery. She retains the ability to remember and carry out routine and simple job tasks for two-hour periods with regular breaks to complete an eight-hour workday. She can work briefly and superficially with coworkers and supervisors, but not work in tandem with them. She can have incidental interaction with the general public. She can sustain work tasks in a routine, predictable environment where there are few changes or changes are gradually introduced.

AR 9, 28–29. With that assessment, the Appeals Council adopted the ALJ's finding that Plaintiff was unable to perform any past relevant work since the amended alleged onset date. AR 10, 33.

The Appeals Council found that, prior to August 13, 2021, Plaintiff was an individual

---

[2] The Appeals Council did not adopt the ALJ's established onset date of July 14, 2021. AR 8–9, 26.

Closely Approaching Advanced age and that, on August 13, 2021, Plaintiff changed age categories to Advanced Age.[3] AR 10. The Appeals Council adopted the ALJ's finding that a borderline age situation exists in this case. AR 10.

At step five, the Appeals Council adopted the ALJ's finding that, prior to the established onset date, Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy. AR 35. The Appeals Council thus found Plaintiff disabled based on her SSI application beginning on August 13, 2021, but found Plaintiff has not been under a disability based on her DIB application since the date the application was filed through the date last insured. AR 10.

## IV.   DISCUSSION

Plaintiff raises the following issues on appeal: Whether the ALJ properly considered the opinions of examining psychologists, treating providers, and medical consultants in the record. Plaintiff requests remand for an award of benefits or, in the alternative, remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1.   Medical Opinion Evidence**

   A.   <u>Dr. Melanie E. Mitchell, Psy.D.</u>

Dr. Mitchell evaluated Plaintiff on April 24, 2018, and assessed Plaintiff with severe limitations in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; maintain appropriate behavior in a work setting; and complete a normal workday and work week without interruptions

---

[3] The Appeals Council did not adopt the ALJ's determination that Plaintiff's age category changed to Advanced Age on July 14, 2021. AR 10, 33.

ORDER
PAGE - 4

from psychologically based symptoms. AR 392. Dr. Mitchell assessed Plaintiff with marked limitations in her ability to understand, remember, and persist in tasks by following detailed instructions; adapt to changes in a routine work setting; communicate and perform effectively in a work setting; and set realistic goals and plan independently. AR 392.

The ALJ found Dr. Mitchell's opinion "not generally persuasive." AR 32. The ALJ found "Dr. Mitchell supported her opinion with her narrative observations, but it is not generally consistent with the remainder of the medical evidence." AR 32. The ALJ further found that Dr. Mitchell's evaluation "predates the relevant period" and "appears to be based on the claimant's subjective report as opposed to treatment notes or testing." AR 32.

Plaintiff argues the ALJ improperly rejected Dr. Mitchell's opinion by finding that it predated the relevant period. Dkt. 14, at 5. Although "[m]edical opinions that predate the alleged onset of disability are of limited relevance," *Carmickle v. Comm'r of Soc. Sec. Admin*, 533 F.3d 1155, 1164–65 (9th Cir. 2008), the regulations require the ALJ to consider all medical opinions in the record. *See* 20 C.F.R. §§ 404.1520c, 416.920c. Dr. Mitchell's opinion is dated April 24, 2018, while Plaintiff amended her alleged onset date to November 28, 2018. AR 87, 393. However, Dr. Mitchell opined Plaintiff's severe and daily depression, anxiety, and trauma symptoms would persist for at least 18 months. AR 390–92. Dr. Mitchell's opinion thus described functional limitations that existed during the relevant period. Therefore, the ALJ erred by rejecting Dr. Mitchell's opinion on the basis that it predated the relevant period.

The Commissioner argues the ALJ correctly declined to consider Dr. Mitchell's opinion because it was part of the period covered by Plaintiff's previous application for benefits and that *res judicata* applies up to the date of that decision. Dkt. 20, at 4. Under a prior application for disability benefits, an ALJ found Plaintiff not disabled in a final decision dated November 27,

2018. AR 116–37. A non-disability finding creates a presumption of continuing non-disability; however, this presumption does not apply where there are "changed circumstances." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995), *superseded by regulation on other grounds*. "[A]ll an applicant has to do to preclude the application of *res judicata* is raise a new issue in the later proceeding." *Vasquez v. Astrue*, 572 F.3d 586, 598 n.9 (9th Cir. 2009).

In this case, the ALJ found changed circumstances existed, including new and material evidence establishing Plaintiff "has new severe impairments in addition to those found at the last decision." AR 23–24. Accordingly, the ALJ gave "limited weight to the findings in the prior ALJ decision." AR 24. As discussed above, Dr. Mitchell's opinion described symptoms and limitations relevant to the period at issue in this case. Because the ALJ concluded *res judicata* does not apply to the period after the 2018 ALJ decision, the Court declines to second-guess the ALJ's conclusion.[4]

Plaintiff argues the ALJ improperly discredited Dr. Mitchell's opinion by finding it "'not generally consistent with the remainder of the medical evidence.'" Dkt. 14, at 5 (citing AR 35). The ALJ may reject a medical opinion "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[T]he agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review."). Here, the ALJ failed to identify any evidence in the record that she found inconsistent with Dr. Mitchell's opinion or explain how or why that

---

[4] The Court notes that the record does not indicate the 2018 ALJ decision either considered or rejected Dr. Mitchell's April 24, 2018, opinion. *See* AR 119–32. Therefore, even if the ALJ in this matter had given some consideration to the prior ALJ findings, there is no basis for applying *res judicata* to preclude the ALJ's consideration of Dr. Mitchell's opinion in this case.

ORDER
PAGE - 6

evidence was inconsistent. The Commissioner argues that, elsewhere in the ALJ's decision, the ALJ identified evidence that conflicts with Dr. Mitchell's assessed limitations. Dkt. 20, at 5. While this other evidence could be inferred as inconsistent with Dr. Mitchell's opinion, the Court is "constrained to review the reasons the ALJ's asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Because the ALJ did not specify or explain the reasons he found Dr. Mitchell's opinion inconsistent with other medical evidence of record, the Court cannot meaningfully review whether substantial evidence supports the ALJ's reasoning. *See Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1226 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). Therefore, the ALJ erred by rejecting Dr. Mitchell's opinion based on finding it inconsistent with the medical evidence.

Plaintiff next argues the ALJ improperly rejected Dr. Mitchell's opinion based on finding it was relied on Plaintiff's subjective self-reports. Dkt. 14, at 5. An ALJ may discount a medical opinion if it is heavily based on discredited self-reports and not clinical evidence. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here, Dr. Mitchell's clinical tests found Plaintiff's remote memory was not intact, recent memory was limited, and concentration was not within normal limits. AR 394. Dr. Mitchell further observed Plaintiff was "sullen and tearful," had psychomotor agitation, was anxious and on-edge, had fearful behavior, and appeared highly emotional during the examination. AR 393. Dr. Mitchell's psychological testing additionally revealed scores indicating severe anxiety and depressive symptoms. AR 393. Dr. Mitchell's clinical findings are consistent with the doctor's assessment of Plaintiff's functional limitations, and the evidence does not reasonably indicate Dr. Mitchell's opinion was more was more heavily

ORDER
PAGE - 7

based on Plaintiff's self-reports than on the clinical evidence. Therefore, substantial evidence does not support the ALJ's rejection of Dr. Mitchell's opinion based on finding the doctor heavily relied on Plaintiff's self-report.

As discussed above, the ALJ failed to identify valid reasons supported by substantial evidence for discounting Dr. Mitchell's opinion. The ALJ's error was not harmless as it resulted in an RFC determination that did not take into account the more restrictive limitations opined by Dr. Mitchell. *See* SSR 96-8p ("RFC is the most a claimant can do considering their limitations or restrictions").

      B.      <u>Dr. James Czysz, Psy.D.</u>

Dr. Czysz, a state agency consultative examiner, examined Plaintiff on March 18, 2020, and assessed Plaintiff with marked limitations in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; adapt to changes in a routine work setting; and complete a normal workday and work week without interruptions from psychologically based symptoms. AR 674.

The ALJ found Dr. Czysz's opinion not entirely persuasive. AR 31. The ALJ found Dr. Czysz's evaluation was "based on a one-time evaluation, and it does not appear to take into consideration that the claimant lives alone, takes public transportation, sustains friendships, and has no suicidal or homicidal ideation or auditory or visual hallucinations." AR 31. The ALJ further found Dr. Czysz's opinion appears to have "relied heavily" on Plaintiff's self-report. AR 31.

Plaintiff argues the ALJ improperly rejected Dr. Czysz's opinion because it was based on a one-time evaluation. Dkt. 14, at 7. When evaluating the persuasiveness of medical opinions, the ALJ may consider several factors, including the frequency of the claimant's examinations

ORDER
PAGE - 8

with a medical source and the examining relationship. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). However, the mere fact Dr. Czysz examined Plaintiff on one occasion would not be a sufficient reason, standing alone, for rejecting the doctor's opinion. A consultative examination is, by its very nature, a one-time examination, and the ALJ did not find any opinion from a provider who examined Plaintiff on more than one occasion to be more persuasive than Dr. Czsyz's opinion. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) (the ALJ is responsible for assessing the medical evidence and resolving any conflicts or ambiguities in the record).

Indeed, the ALJ found persuasive opinions from state agency medical consultants who did not examine Plaintiff. *See* AR 31–33. Nevertheless, the ALJ did not consider the nature of Dr. Czysz's one-time examination in isolation. The ALJ also found Dr. Czysz did not take into account other evidence of Plaintiff's abilities, such as Plaintiff's daily activities and medical history, and relied heavily on Plaintiff's self-reports. Therefore, the Court proceeds to consider whether substantial evidence supports the ALJ's evaluation of the supportability and consistency of Dr. Czsyz's opinion. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (the "most important factors" are supportability and consistency).

Plaintiff argues the ALJ improperly found Dr. Czsyz's opinion inconsistent with evidence that Plaintiff lives alone, takes public transportation, sustains friendships, and has no suicidal or homicidal ideation or auditory or visual hallucinations. Dkt. 14, at 8–11; *see* AR 31. The ALJ may discount a medical opinion that is inconsistent with a claimant's level of activity or inconsistent with the medical evidence. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

Here, the ALJ failed to explain how or why Plaintiff's ability to live alone, take the bus,

ORDER
PAGE - 9

or sustain friendships was inconsistent with Dr. Czsyz's assessment of marked limitations. To the contrary, Plaintiff descriptions of her activities are not reasonably inconsistent with Dr. Czysz' opinion. Plaintiff reported that she lives alone but she stays in her apartment "in [her] own shell" and was told by her therapist that she "had to get out more often." AR 673. When Plaintiff described taking the bus, Dr. Czysz found Plaintiff "display[ed] significant symptoms related to traumatic stress" including "[a]nxiety, hypervigilance, exaggerated startle response, general mistrust," and "[i]ntrusive thoughts of past trauma." AR 673. Plaintiff also reported experiencing anxiety around others and some interpersonal difficulties due to "difficulty regulating her affect and exercising judgment about how she expresses her frustration." AR 673. The ALJ similarly failed to explain how or why Plaintiff's lack of suicidal or homicidal ideation or auditory or visual hallucinations were inconsistent with Dr. Czysz's opinion. Indeed, Dr. Czsyz did not diagnose Plaintiff with a psychotic disorder, and Plaintiff did not report symptoms of suicidal or homicidal ideation or hallucinations. *See* AR 673–75. Therefore, the ALJ's reasons for rejecting Dr. Czsyz's opinion lacks the support of substantial evidence.

      Finally, Plaintiff argues the ALJ improperly found Dr. Czysz's opinion relied heavily on Plaintiff's self-reports. Dkt. 14, at 31. In addition to interviewing Plaintiff, Dr. Czysz administered clinical tests and found Plaintiff "scored in the severe range" on the Beck Depression Inventory and "scored in the moderately-to-severely anxious range" on the Beck Anxiety Inventory. AR 675. Dr. Czysz further found Plaintiff's thought content, memory, concentration, insight, and judgment were not within normal limits. AR 675–76. Specifically, Dr. Czsyz found Plaintiff's thought content was "notable for depressive, self-critical, and negativistic brooding as well as preservation and intrusive memory of past trauma" and Plaintiff had difficulties with delayed recall, sustaining focus, regulating her affect, and exercising judgment.

ORDER
PAGE - 10

AR 675–76. Dr. Czysz's clinical findings are consistent with the doctor's assessment of Plaintiff's functional limitations. Therefore, substantial evidence does not support the ALJ's determination that Dr. Czysz's opinion was more heavily based on Plaintiff's self-reports than on the clinical evidence. *See Ghanim*, 763 F.3d at 1162 (when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion).

As discussed above, the ALJ failed to identify valid reasons supported by substantial evidence for discounting Dr. Czysz's opinion. The ALJ's error was not harmless as it resulted in an RFC determination that did not take into account the more restrictive limitations opined by Dr. Czysz. *See* SSR 96-8p.

**2.      Remaining Issues**

Plaintiff argues the ALJ erred in evaluating the opinions of Plaintiff's treating mental health counselor, treating psychiatric nurse, and the medical consultants. Dkt. 14, at 10–16. As the Court has found reversible error in the ALJ's evaluation of Dr. Mitchell and Dr. Czysz's opinions, the Court declines to consider whether the ALJ erred in considering the other medical opinion evidence. Rather, the Court directs the ALJ to reevaluate the medical opinion evidence of record on remand, and reassess the RFC as warranted by further consideration of the evidence.

//

//

//

## V. CONCLUSION

For the reasons set forth above, this matter is **REVERSED** and **REMANDED** for further administrative proceedings.

DATED this 5th day of September, 2023.

Grady J. Leupold
United States Magistrate Judge